a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| SADIQ SADRUDIN LAKHANI, Petitioner | CIVIL DOCKET NO. 1:25-CV-00763 SEC P |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| PAMELA BONDI ET AL, Respondents | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed on behalf of Petitioner Sadiq Sadrudin Lakhani ("Lakhani"), an immigration detainee who seeks his release from custody.

Because Lakhani does not establish his entitlement to release, the Petition should be DENIED and DISMISSED WITHOUT PREJUDICE.

I. Background

Lakhani entered the United States on a tourist visa in 1999. ECF No. 1 at 4. In 2014, Lakhani pleaded guilty to access device fraud, and he was ordered removed from the United States on June 23, 2015. *Id.* He was released under an order of supervision in April 2016. *Id.* Lakhani remained under supervision until February 24, 2025, when he was detained while attending a routine check-in. *Id.*

ICE conducted a Post Order Custody Review in June 2025, but parole was denied because Lakhani was determined to be a flight risk. ECF No. 8-1 at 1.

1

On June 25, 2025, a Temporary Document Request was submitted to the Indian Consulate seeking travel documents for Lakhani's repatriation.

Lakhani alleges that his removal is unlikely to occur in the reasonably foreseeable future because "ICE has been unable to obtain a travel document from the government of India in the approximately ten years that have passed since his administrative order of removal became final." *Id.* at 7-8. He also alleges that he is not receiving adequate medical care for symptoms caused by diabetes. *Id.* at 5.

## II.     Law and Analysis

After an alien is ordered removed, the Government generally has 90 days to effectuate the removal. *See* 8 U.S.C. § 1231(a)(1)(A). However, the United States Supreme Court has held that § 1231 permits detention beyond 90 days for a period reasonably necessary to bring about that alien's removal from the United States. *See Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). Detention for up to six months is presumptively reasonable. *Id.*

After six months, if an alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the government must respond with evidence sufficient to rebut that showing. The six-month presumption does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future. *See Zadvydas,* 533 U.S. at 701.

The removal period may also be tolled if an alien intentionally prevents immigration authorities from effecting his removal. *Balogun v. INS*, 9 F.3d 347, 350-51 (5th Cir. 1993); *see also, Benn v. BICE*, 82 Fed. Appx. 139 (5th Cir. 2003) (unpublished); *Alfred v. Noem*, 1:25-CV-00425, 2025 WL 1482014, at *1 (W.D. La. Apr. 29, 2025), *report and recommendation adopted as modified*, 2025 WL 1481565 (W.D. La. May 22, 2025) (continued detention was lawful because petitioner thwarted his removal).

The record does not support Lakhani's contention that the Government was unable to obtain travel documents for 10 years. ECF No. 1 at 7-8. Rather, the declaration of Assistant Field Office Director Robert Ainley indicates that active efforts at removal began in February 2025, following the revocation of Lakhani's order of supervision. And Lakhani does not dispute that, once detained, he failed to provide his Indian identification number, which delayed the request for travel documents. ECF No. 8-2 at 1.

Travel documents have now been requested and are expected to be issued in the reasonably foreseeable future. *Id.* at 2. Lakhani does not identify any reason why India would refuse to issue travel documents. Lakhani presents no barriers to his repatriation.

Finally, Lakhani's allegations regarding his medical care do not support his request for release from custody because "habeas is not available to review questions unrelated to the cause of detention." *Rice v. Gonzalez*, 985 F.3d 1069, 1070 (5th Cir.

3

2021), *cert. denied*, 142 S. Ct. 216 (2021) (quoting *Pierre v. United States*, 525 F.2d 933, 935-36 (5th Cir. 1976)) (internal quotations omitted).

### III. Conclusion

Because Lakhani does not establish entitlement to release, IT IS RECOMMENDED that the Petition (ECF No. 1) be DENIED and DISMISSED WITHOUT PREJUDICE.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Wednesday, September 17, 2025.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE

4